Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6940 S. Cimarron Road, Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
Email: mona@kazlg.com

Ross H. Schmierer, Esq. (*Pro Hac Vice* forthcoming)
**KAZEROUNI LAW GROUP. APC**
48 Wall Street. Suite 1100
New York, New York 10005
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
Email: ross@kazlg.com

*Attorneys for Plaintiff,*
Michael Carlisle

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL CARLISLE,<br><br>                 Plaintiff,<br><br>        vs.<br><br>CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY,<br><br>                 Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

1

COMPLAINT

Plaintiff Michael Carlisle ("Plaintiff") brings this Complaint (the "Complaint") against Defendant CHW Group, Inc. d/b/a Choice Home Warranty ("Defendant"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

## **INTRODUCTION**

1.    Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, in negligently and/or willfully contacting Plaintiff in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA"), and its related regulations, thereby invading Plaintiff's privacy, specifically for claims under the National Do Not Call provision of 47 C.F.R. § 64.1200(c).

2.    Although Plaintiff's cellular telephone number has been registered on the National Do Not Call Registry for over twenty years, Defendant made numerous unauthorized telephone calls to Plaintiff's cellular telephone for the purpose of soliciting business from Plaintiff.

3.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in its entirety.

5.    Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6.    Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant's named herein.

//

//

2

COMPLAINT

## PARTIES

7.    Plaintiff is an individual and resident and citizen of the State of Nevada. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

8.    Upon information and belief, Defendant is, and at all times mentioned herein was, a foreign corporation with its principal place of business located at 2147 Route 27 South 4th Floor Edison, NJ 08817; and at all times relevant herein, Defendant conducted business in the State of Nevada and within this judicial district. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

9.    Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA.

11.    Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.

12.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in and was directed to this District.

## LEGAL BASIS FOR THE CLAIMS

13.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy.…" *Telephone Consumer*

3

COMPLAINT

*Protection Act of 1991,* Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

14. Specifically, the TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems - principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

15. In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines. The new amendments to the TCPA, effective October 16, 2013, eliminated this established business relationship exemption.

16. Therefore, all pre-recorded telemarketing calls to residential lines and all pre-recorded calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

17. As of October 16, 2013, unless the recipient has given prior express written consent, the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

COMPLAINT

- Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

18.    Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules."  *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc*., 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

19.    Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

20.    With respect to misdialed or wrong-number calls, the FCC recently clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber."  In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, FCC 15-72, 30 F.C.C.R. 7961, 71-72 (July 10, 2015).  "If this one

5

COMPLAINT

additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." Id. Thus, any second call placed to a wrong number violates the TCPA.

21. Although an entity may obtain prior express consent from a consumer, prior express consent may nevertheless be revoked.

22. The right to revocation is consistent with the common law principle that consent is revocable and honors the purpose of the TPCA.

23. Under the TCPA, consumers are permitted to orally revoke prior express consent.

24. Lastly, a Plaintiff is entitled to recover under both sections of the TCPA on a *per call basis*. *See Cunningham v. Capital Advance Solutions, LLC*, 2019 WL 7293410 (D. N.J. 2019) ("Here, Plaintiff has alleged violations pursuant to 47 U.S.C § 227(b)(3) (the automated call subsection) and 47 U.S.C § 227(c)(5) (the do-not-call-list subsection), *and*, therefore, he is entitled to recover damages *under both provisions for each alleged call*.") (emphasis added); *see also Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011) ("We therefore conclude that a person may recover statutory damages of $1500 for a willful or knowing violation of the automated-call requirements, § 227(b)(3), *and* $1500 for a willful or knowing violation of the do-not-call-list requirements, § 227(c)(5)—*even if* both violations occurred in the same telephone call.") (emphasis added); *Childress v. DeSilva Automotive Services, LLC*, 2020 WL 3572909 (D. N.M. 2020) ("Statutory damages are available *separately* under *both* the TCPA's automated-call provision and its do-not-call-list provision, *even if separate violations result from a single call*.") (emphasis added).

## FACTUAL ALLEGATIONS

25. Defendant provides certain warranty contracts to consumers and homeowners that purport to protect against the cost of unexpected repairs of their home systems and appliances that break down.

COMPLAINT

26.     In Defendant's overzealous attempt to market its services, however, Defendant knowingly and willfully made (and continues to make) unsolicited telemarketing phone calls.

27.     Defendant also patently violated (and continues to violate) the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

28.     Through this method, Defendant has invaded the personal privacy of Plaintiff.

29.     Defendant's unsolicited telemarketing phone calls also disturbed the solitude of Plaintiff.

### FACTUAL ALLEGATIONS AS TO THE PLAINTIFF

30.     On April 10, 2005, Plaintiff, *himself*, registered his cell phone number ending in -3334 (the "Cell Phone") on the National Do Not Call Registry ("DNCR").

31.     To be clear, Plaintiff placed his own number on the DNCR as opposed to someone else placing his number on the DNCR.

32.     Plaintiff's Cell Phone is used solely for residential purposes.

33.     Before Defendant began initiating the unlawful telemarketing calls, Plaintiff did not provide his Cell Phone to Defendant through any medium.

34.     Plaintiff never made any purchase with the Defendant.

35.     Plaintiff never engaged in any transactions with the Defendant.

36.     Plaintiff never made any type of inquiry regarding the Defendant's products or services.

37.     Plaintiff never submitted any type of application to Defendant regarding the Defendant's products or services.

38.     Plaintiff never provided Defendant with any "prior express invitation or permission" as defined by 47 C.F.R. § 64.1200(c)(2)(ii).

39.     Plaintiff never signed any written agreement with the Defendant, which states that the Plaintiff agrees to be contacted by the Defendant.

COMPLAINT

40.     Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendant is required to check the National Do Not Call Registry before attempting to transmit a telephone solicitation to the telephone number of any subscriber included in the National Do Not Call Registry

41.     Nevertheless, Defendant inundated Plaintiff with illegal calls between September and October of 2025.

42.     Specifically, Defendant placed over one hundred (100) telephone calls made from (775) 432 -0123, (609) 374-9077, (248) 301-0655, (440) 340-6914, (937) 576-9504 to Plaintiff's Cell Phone.

43.     When calling these numbers, one hears automated recordings expressly identifying Defendant.

44.     Specifically, Plaintiff dialed these numbers and heard the call recording indicating: "Hi this is Bri with Choice Warranty we want to tell you about our fall specials I will connect you to a warranty specialist."

45.     Based on the circumstances as described above, Defendant patently violated the DNC regulations.

46.     Plaintiff properly alleges injuries in fact, which are fairly traceable to Defendant's unlawful acts, and are likely to be redressed by a favorable judicial decision.

47.     Among other harms caused by the unlawful calls at issue, receiving the unwanted phone calls resembles the kind of harm associated with intrusion upon seclusion.

48.     Plaintiff's Prayer for Relief herein includes a request for damages for Defendant's unlawful telephone solicitations, as authorized by statute. These statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff.

//

//

//

8

COMPLAINT

## COUNT I
## NEGLIGENT DO NOT CALL LIST VIOLATIONS
### 47 U.S.C. §§ 227, *et seq.* and 47 C.F.R. § 64.1200

49.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

51.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

52.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

53.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

54.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq., including implementing regulation 47 C.F.R. § 65.1200(c).

55.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to Plaintiff who registered his telephone number on

the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

56.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

57.    As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

58.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II
## WILLFUL DO NOT CALL LIST VIOLATIONS
## 47 U.S.C. §§ 227, *et seq.* and 47 C.F.R. § 64.1200

59.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA's implementing regulation 47 C.F.R. § 65.1200(c).

61.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

62.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

a.    On the First Count and as a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks: (i) $500.00 in statutory damages, for each and every violation; (ii) injunctive relief prohibiting such conduct in the future; (iii) costs of suit;

10

COMPLAINT

(iv) pre and post-judgment interest; (v) reasonable attorneys' fees; and (vi) any other relief the Court may deem just and proper; and

b.    On the Second Count and as a result of Defendant's knowing and/or willful violations, Plaintiff seeks: (i) $1,500.00 in statutory damages, for each and every violation; (ii) injunctive relief prohibiting such conduct in the future; (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees; and (vi) any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

63.    Plaintiff demands a jury trial on all issues so triable.

DATED this 5th day of February 2026.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  */s/ Mona Amini*
Mona Amini
6940 S. Cimarron Road, Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Email: mona@kazlg.com

Ross H. Schmierer (*Pro Hac Vice* forthcoming)
48 Wall Street, Suite 1100
New York, New York 10005
Telephone: (800) 400-6808
Email: ross@kazlg.com

*Attorneys for Plaintiff*

11

COMPLAINT